No. ——

First Circuit

GUIDRY v. BREAUX

(January 28, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Libel and Slander—Par. 73.

Where the finding of the trial court as to the amount of damages sustained by slanderous words is clearly excessive, it will be reduced.

Appeal from the Parish of Terrebonne. Hon. H. M. Wallis, Jr., Judge.

Action by Isaac J. Guidry against Harry J. Breaux for damages for slander.

There was judgment for plaintiff and defendant appealed.

Judgment reduced.

Ellender & Chavez, of Houma, attorneys for plaintiff, appellee.

H. M. Bourg, of Houma, attorney for defendant, appellant.

LECHE, J. Plaintiff sues defendant for slander and demands damages in the sum of $300.00. The case was heard by a jury which returned a verdict in favor of defendant. Plaintiff then appealed to the Supreme Court, and that court, finding that the claim was grossly exaggerated, refused to entertain the appeal and remanded the case to this court.

The salient facts, as we gather them from the record, are that the parties own

adjoining farms; that plaintiff was repairing his fence near the division line between the two properties; that needing a lath, he took one from a dilapidated fence which, supposedly, he thought was a fence in common; That defendant's wife, seeing plaintiff help himself to this lath, told her husband that plaintiff was breaking down her husband's fence and taking the pickets. Whereupon the defendant, who was not on good terms with plaintiff, became excited and at once proceeded to resent this act of plaintiff. He remonstrated with plaintiff, claiming ownership of the lath which plaintiff had taken, and plaintiff put back the lath on defendant's side of the division line. It can well be surmised that the conversation ensuing between these two men who were hostile to one another, though short, was very heated. It was then that the slanderous words, "you are nothing but damned trash and a damned thief", were uttered by defendant to plaintiff. The only other persons present were a negro boy, who was helping plaintiff; a white boy, the son of plaintiff, and plaintiff's young daughter, who was at some distance. There is no proof, and in fact it is not urged in argument, that this slanderous remark of defendant, spoken under the stress of excitement, has in the least manner lowered plaintiff's standing in the estimation of the people of his community, and the only damage he suffered was temporary humiliation. The remark was slanderous and therefore actionable. There was no mutual exchange of opprobrious epithets and the plaintiff is therefore entitled to damages though only of a most nominal nature. We think $25.00 is ample.

For these reasons the judgment appealed from is avoided and reversed, and it is so ordered that plaintiff have judgment against defendant in the sum of $25.00, together with all costs of court.